**AMERICAN AUTOMOTIVE, ACCES-SORIES, INC. and Emalfarb Investment Corp., Plaintiffs,**

v.

**Alan FISHMAN, Defendant.**

**No. 95 C 5156.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 29, 1997.

Peter G. Swan, Thomas E. Moss, Emalfarb, Swan & Bain, Highland Park, IL, Marvin Benn, Dawn Marie Cassie, George W. Hamman, Jeanne Marie Hoffman, Hamman & Benn, Chicago, IL, for Plaintiffs.

Mark H. Schiff, Steven M. Ruffalo, Arnold M. Flank, Lee J. Janger, Jennifer Ann Dorski, Fuchs & Roselli, Ltd., Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Pending is Defendant's motion to strike certain declarations attached to Plaintiffs' response to Defendant's summary judgment

motion. For the reasons set forth below, Defendant's motion to strike is granted.

## INTRODUCTION

This is a civil RICO claim. Plaintiffs allege that Defendant (a.k.a. "Fishman"), owner of a currency exchange, knowingly cashed a series of checks for $184,000 written by Plaintiffs' employee to phony payees. Plaintiffs allege that Defendant co-conspired with Nicholas Favia ("Favia"), who worked for the Plaintiffs as a project manager for residential real estate developments.[1] According to Plaintiffs, Favia went to Loyola "L" Currency Exchange, which Defendant owns and operates, and, with Defendant's knowledge and approval, began cashing Plaintiffs' checks made out to various phony and/or fictitious payees.

Defendant has filed a motion for summary judgment. Defendant essentially argues that Plaintiffs' entire cause of action against Defendant relies upon a series of averments made by Favia. Defendant asserts that Plaintiffs cannot demonstrate such a conspiracy with Favia occurred, however, chiefly because Favia refused to answer questions at his deposition after asserting the Fifth Amendment.

Plaintiffs responded to Defendant's summary judgment motion with a memorandum attaching sworn "declarations" by Mark Emalfarb and Robert S. Levin, Plaintiff's attorney. These declarations set forth statements allegedly made by Favia to Emalfarb and Levin. Pursuant to Fed.R.Civ.P. 12(f), Defendant moves to strike these declarations.

## DISCUSSION

■ The heart of the declarations fails to qualify for admissibility under Fed.R.Evid. 804(b)(3) governing the hearsay exception entitled "Statement against Interest." An explicit requirement of that rule is that:

A statement tending to expose the declarant to criminal liability and offered to [inculpate] the accused is not admitted unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Fed.R.Evid. 804(b)(3). *See also United States v. Garcia,* 897 F.2d 1413, 1420 (7th Cir.1990). A corroborating circumstance adverse to admissibility occurs where there is evidence that declarant is seeking to "curry favor with authorities." *United States v. Nagib,* 56 F.3d 798, 805 (7th Cir.1995).

■ Plaintiffs have not met their burden of showing corroborating circumstances clearly indicating the trustworthiness of Favia's statements. Defendant correctly argues that the subject declarations do not indicate when Favia's statements were made. This is a fatal defect in the declarations.[2] Moreover, even if this court accepts Plaintiffs' argument that Favia's declaration statements were initially made in February 1995 (some on February 28 and March 1), Plaintiffs' burden has not been met. It is undisputed that Favia entered into negotiated settlement agreements with Plaintiffs on February 23, 1995 and (a final one) on August 24, 1995.[3] Ergo, instead of Plaintiffs establishing that Favia was not currying favor, a reasonable inference from the timing and content of these settlement agreements in context actually is that Favia's statements against Defendant were made in order to "curry favor" with the Plaintiffs.

## CONCLUSION

In view of the foregoing, Favia's statements are inadmissible under Rule 804(b)(3), and it is unnecessary to reach Defendant's

1. Plaintiffs settled with Favia prior to filing this action against Fishman.

2. Levin's declaration does reference a March 1, 1995 memorandum of conversation, but the declaration does not connect that conversation to the statements of Favia recited in the declaration.

3. The instant lawsuit was filed a few weeks after the August 1995 settlement agreement. This settlement agreement, as contrasted to the more generalized February 23, 1995 agreement, expresses that Favia owes a specific total of $459,309.03 and will pay in settlement a lesser amount of $196,528.05. The settlement agreement also has a clause whereby Favia is to provide "full, immediate and continuous cooperation" with respect to Plaintiffs' claim against the Defendant here. (*See* Pl. Mem., Ex. G, at ¶ 6.)

other arguments attacking the validity of the subject declarations.